IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE GALLEGOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-2 |
| | § | |
| NFN BASSE, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS
COMPLAINT FOR FAILURE TO PAY FILING FEE**

The Clerk filed plaintiff's civil rights complaint on January 4, 2018. On April 5, 2018,

the Court temporarily granted plaintiff permission to proceed *in forma pauperis*. Plaintiff's

January 17, 2018 data sheet reflects a balance of $48.20 as of that date.    However, the data

sheet also reflects deposits totaling $1,220.36 during the six-month period prior to attempting to

initiate this proceeding and deposits totaling $500.00 during the three-month period immediately

preceding this filing.    The data sheet also reflects a 6-month average balance of $125.10.

Additionally, plaintiff submitted a typed application to proceed *in forma pauperis* and has

failed to submit the required form by the Court. However, his typed application indicates he has

a business income and business and personal assets available to him outside his institutional

confinement. Plaintiff lists the value of his shop at $288,000, and the value of his personal

vehicles at $16,000 and $12,000 each. Although he lists business expenses, he indicates he

receives approximately $8,000 (net) per month from his business and it remains open in his

absence. It appears he is financially able to pay the filing fee in full.

Plaintiff does not qualify for a grant of pauper's status. Plaintiff possesses, has possessed, or has had access to, the funds needed to pay the $350.00 filing fee and $50.00 administrative fee in the instant cause and should have included such payment with the submission of his application or subsequent to such submission. Plaintiff's complaint should be DISMISSED for failure to pay the requisite fee.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that plaintiff's application to proceed *in forma pauperis* be DENIED, and that the civil rights complaint filed by plaintiff be DISMISSED for failure to pay the $350.00 filing fee and $50.00 administrative fee.

## NOTICE TO PLAINTIFF OF EFFECT OF PAYING FILING FEE

If plaintiff pays the $350.00 filing fee *and* the $50.00 administrative fee within fourteen (14) days after the "entered" date of these Findings, Conclusions and Recommendation, then the recommendation of dismissal will be withdrawn.

If, within fourteen (14) days after the "entered" date of these Findings, Conclusions and Recommendation, plaintiff submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," then this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee. If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn. If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal. It is plaintiff's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and

transmitted to the Court.    Plaintiff shall advise the Court, prior to the expiration of the 30-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.

Plaintiff is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of plaintiff's complaint. His complaint is still subject to the screening process.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 31, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.    In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.    Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).    **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."    Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.    A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.    *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).